IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| DOUGLAS J. COLE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Civ. Action No. 12-1479 |
| | ) | Crim. Action No. 07-284 |
| | ) | Crim. Action No. 08-343 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

CONTI, District Judge

I. **Introduction**

Pending before the court is a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (the "§ 2255 motion") filed by petitioner Douglas J. Cole ("Cole" or "petitioner"). (ECF No. 78.)[1] Upon reviewing the submissions of the parties, including petitioner's § 2255 motion, the government's response to petitioner's § 2255 motion, (ECF No. 79), and petitioner's reply, (ECF No. 80), petitioner's motion is denied because it is time-barred pursuant to 28 U.S.C. § 2255(f)(1).

II. **Background**[2]

On July 31, 2007, a federal grand jury returned a one-count indictment charging petitioner with conspiracy to distribute and possessing with intent to distribute five or more

---

[1] All "ECF" citations correspond to the docket numbers in criminal action number 07-284, unless otherwise noted.

[2] The factual background is taken partly from the government's response to petitioner's motion, which petitioner concedes as true: "[The government's synopsis of the original charges and subsequent sequence of events within its response is] presented with history and [is] accepted as [a statement] of accuracy." (ECF No. 80 at 2.) The government's synopsis of the factual background mirrors petitioner's version as set forth in his § 2255 motion. (ECF No. 78.)

kilograms of cocaine in violation of 21 U.S.C. § 846[3] at criminal action number 07-284 (the "07-284 case"). (ECF No. 1; ECF No. 3.) On August 9, 2007, petitioner was arraigned and entered a plea of not guilty to the one-count indictment in the 07-284 case. (ECF No. 15; ECF No. 17.) On September 22, 2008, the government filed an information against petitioner charging him with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956 and concealment money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) at criminal action number 08-343 (the "08-343 case"). ((ECF No. 1) from the 08-743 case.) On the same day, petitioner withdrew his plea of not guilty to count one of the indictment in the 07-284 case, waived his right to an indictment to counts one and two of the information in the 08-343 case, waived his right to a trial by jury with respect to all counts in both cases, and entered a plea of guilty to count one of the indictment in the 07-284 case and counts one and two of the information in the 08-343 case. (ECF No. 52; ECF No. 53.) Petitioner pleaded guilty pursuant to a written plea agreement with the government. The plea agreement included a provision with respect to limitations on petitioner's appeal rights and an agreement that the United States Attorney would not file a notice pursuant to 21 U.S.C. § 851 informing the court about petitioner's prior convictions that could be used as a basis for increased punishment (a "§ 851 information").[4] (ECF No. 54.) Charles J. Porter ("Porter") represented petitioner as his trial counsel during the plea hearing on September 22, 2008, and at all times relevant to the 07-284 and 08-343 cases.

On January 9, 2009, the court sentenced Cole to a term of imprisonment of 135 months at count one of the indictment in the 07-284 case to be concurrently served with a term of

---

[3] Channing M. Jackson was charged in the indictment as petitioner's co-conspirator. (ECF No. 78; ECF No. 79.)

[4] According to the government, a § 851 information filed with respect to petitioner would have subjected him to a mandatory term of imprisonment of twenty years with respect to the conspiracy charged in the 07-284 case. (ECF No. 79.)

2

imprisonment of 135 months at counts one and two of the information in the 08-284 case. (ECF No. 71; ECF No. 72.) The court also sentenced petitioner to a five-year term of supervised release at count one of the indictment in the 07-284 case to be concurrently served with a three-year term of supervised release at each of counts one and two in the 08-343 case. (Id.) Petitioner did not appeal his convictions or sentence to the Third Circuit Court of Appeals.

On October 12, 2012, the clerk of court received and filed petitioner's pro se § 2255 motion. In the § 2255 motion, petitioner asserts his constitutional rights were violated because Porter "misrepresented the [government's] plea offer" to him, which rendered his September 22, 2008 guilty pleas "involuntary." (ECF No. 78 at 5.) Petitioner requests the court remand his case so he might receive either a reduced sentence of 87 months imprisonment or a "do over" with respect to the plea agreement. (ECF No. 78 at 45-46.)

On November 29, 2012, the government filed a response arguing petitioner's § 2255 motion must be dismissed as untimely because: (1) petitioner failed to file his motion within the one-year statute of limitations pursuant to 28 U.S.C. § 2255(f)(1); and (2) petitioner's untimely filing does not fall within the enumerated "exceptions" to the one-year period pursuant to § 2255(f)(2), (3), or (4). (ECF No. 79 at 4.) On January 28, 2013, petitioner filed a reply contending: (1) his § 2255 motion is not time-barred because his claims fall within § 2255(f)(3); and (2) even if his motion is time-barred, he has established "prejudice" on the part of the government that should overcome the one-year statute of limitations. (ECF No. 80 at 6.) The matter being fully briefed, it is now ripe for disposition.

### III. Discussion

#### A. § 2255 General Framework

A district court is required to hold an evidentiary hearing on a § 2255 motion unless the motion, files, and records of the case show conclusively that the movant is not entitled to relief.

28 U.S.C. § 2255 ("Unless the motion and the files and records of the case show conclusively that the prisoner is entitled to no relief, the court shall…grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law thereto."); United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005). The threshold the petitioner must meet to obtain an evidentiary hearing is considered to be "reasonably low." Id. at 546. With this in mind, in considering a § 2255 motion, the "district court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" Johnson v. United States, 294 F. App'x 709, 710 (3d Cir. 2008) (quoting Booth, 432 F.3d at 545-46). The district court may, however, dispose of "vague and conclusory allegations" contained in a § 2255 petition without further investigation. Id. at 710 (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).

Pursuant to § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence upon the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 (1962). The statute provides as a remedy for a sentence imposed in violation of the law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### B. Timeliness of Petitioner's § 2255 Motion

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides a one-year statute of limitations for a defendant to file a motion to vacate, set aside, or correct a

sentence. 28 U.S.C. § 2255(f); see Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005). Section 2255(f) provides:

> a 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from *the latest of*:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; *or*
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added). The court will address the provisions of § 2255(f) in turn to determine whether petitioner timely filed his § 2255 motion.

### 1. **Final Conviction — § 2255(f)(1)**

In this case, the one-year statute of limitations began to run on "the date on which the judgment of conviction [became] final," pursuant to 28 U.S.C. § 2255(f)(1). Petitioner did not seek direct appeal of his conviction in the Third Circuit Court of Appeals within fourteen days of his conviction as set forth in Federal Rule of Appellate Procedure 4(b)(1)(A)(i). The one-year statute of limitations, thus, ran from January 23, 2009—fourteen days after the District Court entered petitioner's conviction in accordance with his guilty plea—to January 23, 2010. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (finding a prisoner's judgment of conviction became final fourteen days after the date on which the time period for filing a notice of appeal expired); see also United States v. Broce, 488 U.S. 563, 569 (1989) (stating "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to

5

sustain a binding, final judgment of guilt and a lawful sentence"). Petitioner, however, did not file his § 2255 motion until October 12, 2012—nearly three years after the expiration of § 2255's filing deadline. Petitioner's motion is, therefore, time-barred pursuant to § 2255(f)(1), unless his claims fall within another provision of § 2255(f).

### 2. <u>Government Impediment</u> — § 2255(f)(2)

Petitioner does not allege, and the court cannot discern, facts warranting the application of 28 U.S.C. § 2255(f)(2) to petitioner's case. The gravamen of petitioner's § 2255 motion is that Porter failed to investigate adequately the facts with respect to the government's charges against him before advising him to accept the government's plea offer.[5] (ECF No. 78.) Petitioner describes in detail how Porter failed to explain to him, <u>inter alia</u>, relevant legal standards, the burden of proof in criminal trials, and the details of the plea agreement. (<u>Id.</u>) Petitioner challenges Porter's effectiveness during the plea bargaining stage. (ECF No. 78 at 40; ECF No. 80 at 3-6.) Petitioner challenges individual provisions of the plea agreement, concluding that it "should never have been executed as presented." (<u>Id.</u> at 39.) The record, however, is devoid of evidence that "governmental action" created an "impediment" that "prevented" petitioner from filing his § 2255 motion within one-year of his conviction as required by § 2255(f)(1). Under those circumstances, § 2255(f)(2) is inapplicable to petitioner's case.

---

[5] In particular, petitioner asserts that, while the government built a "respectable case" against Channing Jackson, it had very little evidence from which to establish him as co-conspirator. (ECF No. 78 at 13-15.) As a result, petitioner argues, the government was forced to "architect by law" the two money laundering offenses under 18 U.S.C. §1956 in order to gain leverage during the plea negotiations. (<u>Id.</u>) According to petitioner:
> "[a]ny competent trial counsel would have and should have challenged the prosecution insisting she produce hard evidence before making a [plea] deal. How can you make a deal without truthful facts? This lack of prudence in basic negotiating principles resulted in prejudice against petitioner. Porter challenged nothing. [The plea agreement] wasn't a negotiated contract, it was an articulate threat, nothing more."

(<u>Id.</u>)

### 3. **Assertion of a Right Newly Recognized by the Supreme Court — § 2255(f)(3)**

Section 2255(f)(3) provides that the one-year statute of limitations may begin on

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255(f)(3) (emphasis added). In order to satisfy § 2255(f)(3), a petitioner must file his or her motion within one year of a Supreme Court decision that (1) newly recognized the right he or she asserts; and (2) retroactively applied that right to cases on collateral review. Id.; see United States v. Denson, No. 08-CR-00365, 2013 WL 588509 (W.D. Pa. Feb. 11, 2013) (applying this framework pursuant to § 2255(f)(3)). Petitioner in his reply argues his § 2255 motion is timely pursuant to § 2255(f)(3) because he filed the motion within one year of the Supreme Court's decisions in Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), both of which were issued on March 21, 2012. (ECF No. 80 at 4-6.) Petitioner asserts these decisions recognized a new, broad right to effective counsel applicable to the "entire process of plea bargaining." (ECF No. 78 at 11-13.) Petitioner argues Porter violated his right to effective counsel under Frye and Lafler because Porter advised him to plead guilty without "recognize[ing] the potential benefit of going to trial [in light of] all the facts of the case." (ECF No. 78 at 11; ECF No. 80 at 4-5.)

Petitioner's argument in this regard lacks merit. The Supreme Court in Frye and Lafler did not recognize new rights that are retroactively applicable to cases on collateral review. See Frye, 132 S. Ct. at 1409; Lafler, 132 S. Ct. at 1384. Even assuming these cases did create new, retroactive rights, petitioner fails to recognize the factual distinctions between his case and Frye and Lafler. Petitioner, thus, overstates the scope of the Court's decisions in Frye and Lafler. Under those circumstances, § 2255(f)(3) is inapplicable to petitioner's claim for relief.

7

### a.     *Lafler* and *Frye* Generally

In Frye and Lafler, the Supreme Court held the Sixth Amendment right to effective assistance of counsel, as defined by Strickland v. Washington, 466 U.S. 668, 686 (1984), extends to "the negotiation and consideration of plea offers *that lapse or are rejected*."[6] Frye, 132 S. Ct. at 1404-08 (emphasis added); Lafler, 132 S. Ct. at 1384. The Court held that trial counsel has a "duty to communicate formal offers from the prosecution to accept a plea," and that, in general, where such an offer is not communicated to the defendant, counsel "[does] not render the effective assistance the Constitution requires." Frye, 132 S. Ct. at 1408.

The Court held that, in order to show "prejudice" pursuant to Strickland, a defendant must demonstrate a reasonable probability that: (1) he would have accepted the rejected or lapsed plea offer but-for counsel's ineffective assistance; and (2) the rejected or lapsed plea offer would have resulted in a lesser charge or a lower sentence. Frye, 132 S. Ct. at 1409; Lafler, 132 S. Ct. at 1391 (concluding the defendant met Strickland's requirements).

### b.     *Lafler's* and *Frye's* Creation of New, Retroactive Rights

In Frye and Lafler, the Court did not explicitly address whether its holdings created new rights that apply retroactively to cases on collateral review for purposes of § 2255(f)(3). While the Third Circuit Court of Appeals has yet to address the issue, courts addressing this issue have held neither case created new rights that are retroactively applicable to cases on collateral review. See Denson, 2013 WL 588509 (holding Frye and Lafler did not create new rights that

---

[6] In Frye the defendant's lawyer never communicated the prosecution's plea offer to his client and the client ended up convicted of a felony and sentenced to three years imprisonment when he could have pled to a misdemeanor. Frye, 132 S. Ct. at 1404. In Lafler, the prosecutor made an offer and defense counsel recommended to his client, upon a serious misunderstanding of the law, that the offer be rejected. Lafler, 132 S. Ct. at 1383-84. After trial, the defendant was sentenced to 185 to 360 months when he could have been sentenced to 51 to 85 months under the prosecution's offer. Id.

apply retroactively as required by § 2255(f)(3)); see also Williams v. United States, 705 F.3d 293, 294 (8th Cir. 2013); In re Perez, 682 F.3d 930, 932-33 (11th Cir. 2012); In re King, 697 F.3d 1189, 1189 (5th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012).

The Court in Frye and Lafler did not (1) create new rights that are (2) retroactively applicable to cases on collateral review as required by § 2255(f)(3); rather, the Court applied the previously established Sixth Amendment right to counsel, as defined by the Court's 1984 decision in Strickland, to the specific factual circumstances of each case. See Frye, 132 S. Ct. at 1409 (noting the Court's discussion involved an "application of [the right to effective counsel as defined by] Strickland *to the instances of an uncommunicated, lapsed plea*") (emphasis added); Lafler, 132 S. Ct. at 1384 (noting "[t]he question for this Court is how to apply Strickland's prejudice test *where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial*") (emphasis added). Because the Court's decisions in Frye and Lafler were dictated by rights previously established by Strickland, those decisions did not create "newly recognized rights" for purposes of § 2255(f)(3). See Perez, 682 F.3d at 933 (quoting Teague v. Lane, 489 U.S. 288, 301 (1989) (plurality opinion) (requiring the "[breaking of] new ground or [the imposition of] a new obligation on state or federal government" for the creation of a new right). Analysis with respect to whether that "new right" is retroactively applicable to petitioner's case is, thus, unnecessary. See Id. (concluding Frye and Lafler did not create "new rights" without analyzing "retroactivity" separately).

As stated, supra, petitioner operates under the overly broad assumption that Frye and Lafler recognized a new, wide-ranging right to effective counsel applicable to the "entire process of plea bargaining." (ECF No. 78 at 12-13.) The Supreme Court, however, has long recognized that Strickland's framework applies to "ineffective assistance of counsel claims *arising out of the*

9

*plea process.*" Hill v. Lockhart, 474 U.S. 52, 57 (1985) (emphasis added); see also Frye, 132 S. Ct. at 1405 (recognizing Hill "established" that Strickland applies to claims of ineffective assistance of counsel in the plea bargaining context).

Petitioner specifically argues Porter failed to investigate adequately the facts with respect to the government's charges before advising him to plead guilty pursuant to the prosecution's plea offer. See, e.g., (ECF No. 78 at 22) (asserting "Porter's conduct was deficient in failing to challenge the sufficiency of the evidence of the drug quantity" during the plea negotiation stage). Prior to the Court's pronouncement in Frye and Lafler, however, courts, including the Supreme Court, applied Strickland to claims of ineffective assistance of counsel involving counsel's failure to investigate facts or legal standards in the plea context. See e.g., Padilla v. Kentucky, 130 S. Ct. 1473, 1486 (2010) (counsel's failure to inform defendant of the immigration consequences of his conviction at the plea bargaining stage violated Strickland); Cox v. Lockhart, 970 F.2d 448, 455 (8th Cir. 1992) (defense counsel's advice to petitioner to plead guilty despite possible existence of a "speedy trial" claim did not satisfy Strickland); Bouchillon v. Collins, 907 F.2d 589, 597 (5th Cir. 1990) (defense counsel's failure to investigate defendant's mental history before advising him to plead guilty satisfied Strickland); Ford v. Lockhart, 904 F.2d 458, 462 (8th Cir. 1990) (defense counsel's advice to client to plead guilty without adequate factual investigation did not violate Strickland); Travis v. Lockhart, 787 F.2d 409, 410-11 (8th Cir. 1986) (trial counsel's alleged failure to investigate the government's charges and to object to the wording of the prosecution's information at the plea bargaining stage did not satisfy Strickland); Thomas v. Lockhart, 738 F.2d 304, 309-10 (8th Cir. 1984) (defense counsel's failure to investigate similarities and differences with respect to defendant's case and the case relied upon by the prosecutor at the plea bargaining stage satisfied Strickland). These decisions demonstrate that Frye and Lafler did not (1) create new rights that are (2) retroactively applicable

on collateral review. 28 U.S.C. § 2255(f)(3). For these reasons, petitioner's claims do not warrant the application of § 2255(f)(3) in this case.

### c. Petitioner's Claim Distinguished From *Lafler* and *Frye*

Even assuming, arguendo, that Frye and Lafler did create new, retroactive rights, petitioner did not assert a right that aligns with the "right" acknowledged in either Frye or Lafler. Frye, 132 S. Ct. at 1409 (noting the Court's discussion involved an "application of [the right to effective counsel as defined by] Strickland *to the instances of an uncommunicated, lapsed plea*") (emphasis added); Lafler, 132 S. Ct. at 1384 (noting "[t]he question for this Court is how to apply Strickland's prejudice test *where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial*") (emphasis added). Unlike Frye and Lafler, the prosecution in this case did not submit a formal plea offer to the defendant during the plea negotiation stage that Porter: (1) advised petitioner to reject; (2) allowed to expire; or (3) failed to "communicate"[7] to petitioner. See Frye, 132 S. Ct at 1404-05; Lafler, 132 S. Ct. at 1383-84. The record in this case demonstrates the prosecution submitted *one* formal plea offer[8] to petitioner. (ECF No. 54.) Porter apprised petitioner of the government's plea offer before its expiration and advised him to accept the government's terms.[9] (ECF No. 78 at 13.) Petitioner

---

[7] In Frye, the defendant's lawyer never communicated the existence of the prosecution's plea offer to his client before its expiration. Frye, 132 S. Ct. at 1404, 1409 (noting the Court's discussion involved an "application of Strickland to the instances of an uncommunicated, lapsed plea"). Petitioner argues Porter failed to investigate the government's charges before advising him to plead guilty, not that Porter failed to communicate the government's plea offer to him. (ECF No. 78 at 13-14.)

[8] In Frye, the prosecution offered the defendant's counsel a choice between two formal agreements set to expire on a particular date. Frye, 132 S. Ct at 1404. Trial counsel failed to apprise the defendant of the offers before their expiration. Id. In Lafler, trial counsel advised the defendant to reject three formal plea offers from the prosecution and proceed to trial. Lafler, 132 S. Ct. at 1383-84.

11

entered a plea of guilty pursuant to the government's formal plea offer and proceeded to sentencing. (ECF No. 52; ECF No. 53.) These circumstances are distinguishable from the circumstances justifying the Court's application of Strickland to the facts in Frye and Lafler. Neither decision warrants the application of § 2255(f)(3) to petitioner's claim for relief in this case.

### 4. Newly-discovered Evidence — § 2255(f)(4)

The record does not establish that newly-discovered evidence warrants the application of § 2255(f)(4) to petitioner's claim for relief. With respect to newly-discovered evidence, the one-year statute of limitations begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner's assertions indicate he was aware of the facts underlying his ineffective counsel claim before October 12, 2011. (ECF No. 78; ECF No. 80.) Petitioner admits in his § 2255 motion:

> [f]or almost four years Cole endured prison knowing his sentence had to be illegal since it was determined with inaccurate information based on half-truths, that was 'spoon fed' by an over-zealous prosecutor to an unsuspecting defendant through his retained legal counsel.

(ECF No. 78 at 12.) Petitioner admits in his reply:

> [a]llways knowing his sentence was improper he simply had no way to formally return to court to fight his case or so he thought. During his imprisonment the petitioner has only become familiar with 'justice' in this country by osmosis. It's a slow process! *Always conscious that the legal assistance he received was inadequate representation*, he was convinced the sentence imposed in error was the *direct result of his ineffective legal counsel*
> …
> 'In our system, the responsibility for failing to raise an issue generally rests with the parties themselves…' [W]hether a day old or four years old, facts do not cease to exist because they are ignored.

---

[9] Petitioner states "[I] was ill-advised to plead guilty through the lopsided plea agreement [Porter] presented…." (ECF No. 78 at 12-13).

(Id. at 3-4.) (emphasis added). The record does not establish the unearthing of any new facts warranting the application of § 2255(f)(4) to petitioner's claim for relief. The statute of limitations began to run with respect to petitioner's motion on January 23, 2009—the date on which the judgment became final in this case. The statute of limitations lapsed one year later on January 23, 2010. Petitioner's § 2255 motion must, therefore, be dismissed because it is time-barred, unless equitable tolling is available.

### C. **Equitable Tolling**[10]

In certain circumstances, the AEDPA's statute of limitations is subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010); McAleese v. Brennan, 483 F.3d 206, 219 (3d Cir. 2007); Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 619 n.1 (3d Cir. 1998) (holding the one-year statute of limitations set forth in § 2255(f) is subject to equitable tolling). Equitable tolling applies where a movant demonstrates that: "(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562. Equitable tolling is not available where the late filing is due to a movant's excusable neglect. Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004); Miller, 145 F.3d at 618-19. Consistent with these principles, the Third Circuit Court of Appeals has specifically limited equitable tolling of § 2255's limitations period to the following circumstances:

(1) where the defendant actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

---

[10] The government acknowledges the principle of equitable tolling in its response to petitioner's § 2255 motion, commenting that the court itself may afford equitable tolling where "extreme circumstances warrant such judicial intervention." (ECF No. 79 at 5.)

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Here, petitioner did not demonstrate extraordinary circumstances that prevented him from filing a timely petition. As the Court of Appeals for the Third Circuit noted in McAleese:

> While we exercise some level of leniency with respect to [pro se] petitioners… mere neglect, even if characterized as excusable, does not justify equitable tolling in any circumstances.

McAleese, 483 F.3d at 219. Petitioner asserts that he "only recently ascertained" that he could "begin the appeal process," but he has not carried his burden of showing that he diligently pursued his rights under § 2255 and that some extraordinary circumstance impeded him from filing within the one year statute of limitations set forth in § 2255(f)(1).

In Holland, the United States Supreme Court set forth the applicable standard with respect to what is generally required to demonstrate an "extraordinary circumstance." Holland, 130 S. Ct at 2549. In that case, a state-appointed defense attorney failed to file a timely habeas petition on behalf of a criminal defendant on death row after numerous letters and communications admonishing him to do so. Id. at 2560. The Court commented:

> We have previously held that 'a garden variety claim of excusable neglect' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a 'garden variety claim' of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct.
> …
> A group of teachers of legal ethics tells us that these various failures violated fundamental canons of professional responsibility, which require attorneys to perform reasonably competent legal work, to communicate with their clients, to implement clients' reasonable requests, to keep their clients informed of key developments in their cases, and never to abandon a client. And in this case, the failures seriously prejudiced a client who thereby lost what was likely his single opportunity for federal habeas review of the lawfulness of his imprisonment and of his death sentence…[Thus,] [t]he record facts…suggest that this case may well be an 'extraordinary' instance in which petitioner's attorney's conduct constituted far more than 'garden variety' or 'excusable neglect.'

Id. at 2564-65. Here, the record does not establish *any* impediment to petitioner's ability to timely file his § 2255 motion, let alone an impediment rising to the "extraordinary circumstances" in Holland. The record does not indicate that petitioner diligently sought to vindicate his rights under § 2255 or that any impediment precluded him from filing his motion within the one-year statute of limitations set forth in § 2255(f)(1). In those circumstances, equitable tolling is not available. As discussed supra, petitioner's § 2255 motion is time-barred pursuant to § 2255(f)(1).

### IV. Other Avenues of Relief

Petitioner urges the court "to outweigh any time default [based upon] the merits of his § 2255 claims" on grounds that "the contents of his [motion] disclose [a] factual basis [that establishes] cause for prejudice." (ECF No. 80 at 6.) Petitioner asserts this alleged prejudice "overcomes both the exhaustion and procedural [default] bars" that, he surmises, preclude his § 2255 motion. (Id.) (citing Mickens v. Taylor, 227 F.3d 203 (4th Cir. 2000)). As discussed in Mickens, the "exhaustion doctrine" bars a prisoner in *state* custody from seeking federal post-conviction relief if the prisoner's claims are raised in a 28 U.S.C. § 2254 habeas petition before the exhaustion of all available state post-conviction remedies. Id. at 209; 28 U.S.C. § 2254(b)(1)(A); see Rose v. Lundy, 455 U.S. 509, 515-19 (1982) (discussing the history and purpose behind §2254's "exhaustion-of-state-remedies" doctrine as applied to prisoners in state custody). The "procedural default doctrine" bars a prisoner in state custody from filing a 28 U.S.C. § 2254 habeas petition where the petitioner (1) failed to meet § 2254's state remedy "exhaustion doctrine" and (2) the state court to which the petitioner would be required to present his claims in order to meet the state exhaustion doctrine would now find the claims procedurally barred. Mickens, 227 F.3d at 209; see Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). As noted in Mickens, the Fourth Circuit Court of Appeals permits a § 2254 habeas petitioner in state

custody to overcome the exhaustion and procedural default bars by showing "cause" and "actual prejudice." Id. Post-conviction relief under § 2255, however, is available only to prisoners in *federal* custody, "under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a). Section 2255 does not require prisoners in federal custody to exhaust state post-conviction remedies. See 28 U.S.C. § 2255. Mickens is, therefore, inapplicable, as the exhaustion and procedural bar doctrines and their attendant exceptions, if any, do not apply to federal habeas petitions made pursuant to 28 U.S.C. § 2255. Id.

## V. Conclusion

For the reasons set forth above, petitioner's § 2255 motion will be denied as time-barred pursuant to § 2255(f)(1).

## VI. Certificate of Appealability

When a district court issues a final order denying a § 2255 motion, the court must also make a determination with respect to whether a certificate of appealability ("COA") should issue or the clerk of the court of appeals shall remand the case to the district court for a prompt determination with respect to whether a certificate should issue. See 3rd Cir. LAR. 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (emphasis added). The Court in Slack noted, however, that:

> [w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id. Based upon the motion, files, and records of the instant case, and for the reasons set forth above, the court finds that a plain procedural bar is applicable to petitioner's motion pursuant to 28 U.S.C. § 2255(f)(1). A COA will not be issued in this case.

## VII. Order

And now this 2nd day of August, 2013, for the reasons set forth above, the motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 filed by petitioner Douglas J. Cole (ECF No. 78) is DENIED. The clerk should mark this case closed.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: Douglas J. Cole
United States Marshall Service No. 09548-068
USP Hazelton – Camp
P.O. Box 2000
Bruceton Mills, WV 26525